IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BARRY R. SCHOTZ,<br>Reg. No. 06088-097,<br>Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | EP-17-CV-19-FM |
| J. SCOTT WILLIS, Warden,<br>Respondent. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Barry R. Schotz, a prisoner currently incarcerated at the La Tuna Federal Correctional Institution, in Anthony, Texas,[1] makes six claims concerning the conditions of his confinement in a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1-1). He names J. Scott Willis, the Warden at La Tuna, as the Respondent. After reviewing the record and for the reasons discussed below, the Court will dismiss Schotz's cause, pursuant to 28 U.S.C. § 2243, because it appears from the face of his pleadings that he is not entitled to relief.[2]

## BACKGROUND AND PROCEDURAL HISTORY

According to court records maintained in case number 1:06-CV-3540 in the United States District Court for the Northern District of Illinois, between August 2001 and September 2004, Schotz "defrauded 55 investors of over $5,000,000.00 through the fraudulent operation of a

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial limits of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] *See* 28 U.S.C. § 2243 (2012) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

commodities trading firm."[3]   Schotz "misrepresented his experience and knowledge in the commodities market" to his clients, and "misappropriated over $1,600,000.00 in fees from investors for his own personal use."[4]   "When Schotz executed trades that lost money, he provided his victims with fraudulent account statements which falsely showed [he] had turned a profit."[5]   In an effort to further "conceal the losses and misappropriations, Schotz stole the identity of an individual investor, … applied for a credit card on behalf of [his] trading firm, … used this credit card for personal and business use, and eventually used client funds to pay over $355,000.00 in credit card bills."[6]   Schotz pleaded guilty, pursuant to a plea agreement, to a one-count information charging him with wire fraud.[7]   The Court sentenced Schotz to 189 months' imprisonment, imposed a special assessment of $100, and ordered Schotz to pay restitution in the amount of $3,094,710.

Schotz makes six claims in his petition concerning the conditions of his confinement. First, he asks the Court to "void all payments made as unauthorized," return all payments made by him under the Inmate Financial Responsibility Program ("IFRP"), and award him $100,000 "to make an example of" the Bureau of Prisons' ("BOP") "fraudulent actions."[8]   Second, he asks the Court to "set aside and void all of Petitioners Administrative Remedy Requests" and award him

---

[3] *See* Op. & Order 1, Nov. 20, 2006, ECF No. 34, *Schotz v. United States*, 1:06-CV-3540 N.D. Ill.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 2.

[7] J., Aug. 30, 2005, ECF No. 19, *United States v. Schotz*, 1:05-CR-440-1, N.D. Ill.

[8] Pet'r's Pet. 2-3, Jan. 19, 2017, ECF No. 1-1.

"$100,000 to make an example" of the BOP.[9] Third, he asks the Court to "set aside and void" the denial of his request for a sentence reduction based on his age and award him "an additional $100,000 to make an example of the BOP ..."[10] Fourth, he asks the Court to order the BOP "to appropriately train the current Supervisor of the Inmate Trust Fund" and award him "an additional $10,000 to make an example of [the] BOP's lack of authority ... to encumber funds."[11] Fifth, he asks the Court to "award [him] $100,000 to make an example of BOP's ... [p]lacing dangerous violent inmates with minimum (OUT) Custody inmates."[12] Finally, he complains about the "ongoing failure" of the BOP to administer the mail program and asks for $500,000 in compensatory damages.[13]

## LEGAL STANDARD

"Federal law opens two main avenues to relief on complaints related to imprisonment; a petition for habeas corpus, 28 U.S.C. § 22[41], and a complaint under ... 42 U.S.C. § 1983."[14] "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures."[15] "A habeas petition, on the other hand, is the proper

---

[9] *Id.* at 3–4.

[10] *Id.* at 4-5.

[11] *Id.* at 5.

[12] *Id.* at 5-6.

[13] *Id.* at 6.

[14] *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[15] *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997) (citation omitted).

vehicle to seek release from custody."[16]  "[D]amages are not available in federal habeas corpus proceedings ..."[17]

The Fifth Circuit "has adopted a bright-line rule for resolving" whether a § 1983 or a habeas petition is the "proper vehicle" for a petitioner's claim.[18] "If 'a favorable determination ... would not automatically entitle [the petitioner] to accelerated release,' ... the proper vehicle is a § 1983 suit."[19] Thus, prisoner cannot state a claim for unconstitutional conditions of confinement in a habeas corpus petition unless granting the relief sought "inevitably" affects the duration of his or her sentence.[20]

According to 28 U.S.C. § 2243, a court may *sua sponte* dismiss a petition when "it appears from the application that the applicant or person detained is not entitled thereto."[21] However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified."[22] "This rule against no-notice *sua sponte* dismissal is subject to two exceptions: if

---

[16] *Id.*; *see also Jackson v. Johnson*, 475 F.3d 261, 264 (5th Cir.2007) ("A prisoner may file a § 1983 action to challenge the conditions of confinement, whereas a challenge to the fact of confinement is properly presented in a habeas petition.").

[17] *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).

[18] *Carson*, 112 F.3d at 820.

[19] *Id.* at 820–21 (citation omitted).

[20] *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir.2000) (citation omitted) (finding the district court erroneously granted a petition for habeas corpus where the relief sought would not have "inevitably affect[ed] the duration of [the petitioner's] sentence.").

[21] 28 U.S.C. § 2243 (2012).

[22] *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

the dismissal is without prejudice, or if the plaintiff has alleged his best case."[23]

## ANALYSIS

### A. Claim 1 – Inmate Financial Responsibility Program ("IFRP")

Schotz first asks that the "Court set aside ALL [Inmate Financial Responsibility Program] IFRP Contracts petitioner executed under false and fraudulent pretense and void all payments made as unauthorized requiring the immediate return of all funds so illegally and unconstitutionally confiscated from Schotz' inmate trust account …"[24] Schotz contends that § 2241 is the proper vehicle for this claim because it involves the execution of his sentence. But Schotz's request regarding reimbursement for the payment of a $100 special assessment and $1,025 towards his $3,094,710 restitution does not satisfy the "in custody" requirement for relief under § 2241.[25] Moreover, in addressing a similar request from a federal inmate to reimburse him for funds taken from his inmate trust fund account under the IFRP, another district court noted the funds are not kept by the BOP and cannot be returned to an inmate:

> [R]eimbursement is impossible. Although the IFRP is a means for the BOP to collect criminal monetary penalties imposed by the judiciary, the BOP does not keep the funds collected. Instead, the funds are delivered [to] the District Court Clerk. Therefore, the BOP no longer has the funds collected from the petitioner through the IFRP.[26]

---

[23] *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

[24] Pet'r's Pet. 2–3.

[25] *Bacerio v. Yusuff*, 247 F.3d 240, 2001 WL 43528, at *1 (5th Cir. Jan. 3, 2001) (citing *United States v. Segler*, 37 F.3d 1131, 1137–38 (5th Cir. 1994) (holding that the district court lacked jurisdiction over a Section 2255 claim regarding a monetary fine)).

[26] *Dobbins v. Deboo*, 2:09cv64, 2009 WL 3584004, at *6 (N.D. W. Va. Oct. 28, 2009), *aff'd*, No. 10-6009 (4th Cir. Feb. 15, 2011).

Schotz is not entitled to § 2241 relief on this claim.

## B. Claim 2 – Administrative Remedy Program

Schotz asks the Court to "set aside and void" all of his requests for administrative remedies while at La Tuna.[27] He explains he wants to "proceed with litigation without fear of a successful defense of failure to exhaust."[28]

Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.[29] "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."[30] Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review.[31]

Federal regulations set out a multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints.[32] Although Schotz may be unhappy with his results, he has not demonstrated the futility of the BOP's administrative review program. Schotz has not carried his burden of showing that an exception to the exhaustion requirement should be applied to

---

[27] Pet'r's Pet. 3.

[28] *Id.*

[29] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

[30] *Id.*

[31] *Id.*

[32] 28 C.F.R. §§ 542.10–542.19.

him. Under these circumstances, the Court is unwilling to "set aside and void" all of his requests for administrative remedies while at La Tuna. Moreover, he does not satisfy the "in custody" requirement for relief under § 2241.

### C. Claim 3 – Reduction in Sentence for Elderly Inmates with Medical Conditions

Schotz asks the "Court set aside and void Willis's 8/31/2016 DENIAL of Schotz's request for Reduction in Sentence for Elderly Inmates with Medical Conditions."[33] He argues "[g]iven Willis has already determined that, in fact, Schotz does have Medical Condition as an Elderly Inmate, this Court should ORDER Willis, based on his previous admission, [to] GRANT Schotz his RIS Request."[34]

"A convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence."[35] The Court may modify a sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure only (1) upon a motion from the Director of the BOP or (2) when a defendant has been sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission.[36]

To the extent Schotz claims that Willis's decision not to file a Rule 35 motion for a sentence reduction on Schotz's behalf is arbitrary and capricious, and he is asking the Court to order the BOP to file a compassionate release motion with the sentencing court, the Court lacks the

---

[33] Pet'r's Pet. 4.

[34] *Id.*

[35] *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998).

[36] 18 U.S.C. § 3582(c); *see also Engle v. United States*, 126 F. App'x 394, 397 (6th Cir. 2001) ("A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons. *See* 18 U.S.C. § 3582. No such motion was filed in the instant case.").

authority to grant the requested relief. "The BOP's policy of 'generally restrict[ing]' compassionate release to inmates who have been diagnosed with medical conditions that are terminal within one year, or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care, permits the exercise of discretion on the part of the bureau and thus is an interpretive rule."[37] Thus, the BOP's decision to file a motion or not file a motion is discretionary and not subject to judicial review.[38] To the extent Schotz challenges the BOP's decision to deny compassionate relief under the Administrative Procedure Act ("APA"),[39] the BOP's decision not to move the sentencing court to reduce Schotz's sentence is also a judicially unreviewable decision.[40] "This is so because there are no standards cabining the BOP's exercise of its statutorily-conferred discretion."[41]

The Court does not have the subject-matter jurisdiction to address this claim.

### D. Claim Four-Inmate Inmate Trust Account Encumbrance Program

Schotz asks the Court to ensure that the BOP "appropriately train the current supervisor of the Inmate Trust Fund."[42] "'[A] favorable determination ... would not automatically entitle

---

[37] *Williams v. Van Buren*, 117 F. App'x 985, 987 (5th Cir. 2004).

[38] *Turner United States Parole Comm'n*, 810 F.2d at 613, 615 (7th Cir. 1987).

[39] 5 U.S.C. § 701(a)(2) (2012).

[40] *See DeLuca v. Lariva*, 586 F. App'x 239, 240 (7th Cir. 2014) ("The record plainly shows that DeLuca is not entitled to any relief under the APA because the BOP's decision not to move the Eastern District of Missouri to reduce DeLuca's sentence is a judicially unreviewable decision.").

[41] *Id.*; *see Heckler v. Chaney*, 470 U.S. 821, 830 (1985) ("[E]ven where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.").

[42] Pet'r's Pet 5.

Case 3:17-cv-00019-FM Document 5 Filed 03/03/17 Page 9 of 10

[Schotz] to accelerated release ..."[43]  He is not entitled to relief on this claim.

### E. Claim 5-Institutional Security

Schotz asks the "Court award Shots $100,000 to make an example of BOP's intentional failure and continuance to ignore their responsibility to the 5th and 8th Amendment Rights ..."[44] "[D]amages are not available in federal habeas corpus proceedings ..."[45]

### F. Claim 6-Inmate Mail

Finally, Schotz complains the inmate mail system "is not being administrated properly ..."[46] He requests $500,000 in compensatory damages. Once again, "damages are not available in federal habeas corpus proceedings ..."[47] "'[A] favorable determination ... would not automatically entitle [Schotz] to accelerated release ..."[48] He is not entitled to § 2241 relief on this claim.

## CONCLUSION AND ORDERS

The Court accordingly concludes that that Schotz is not entitled to § 2241 relief on any of his claims. The Court therefore enters the following orders:

**IT IS ORDERED** that Schotz's *pro se* petition under 28 U.S.C. § 2241 for a writ of habeas corpus (ECF No. 1-1) is **DENIED** and his cause is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as **MOOT**.

---

[43] *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (citation omitted).

[44] Pet'r's Pet 5.

[45] *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).

[46] Pet'r's Pet. 6.

[47] *Preiser*, 411 U.S. at 493.

[48] *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (citation omitted).

**IT IS ALSO ORDERED** that any relief not granted in this order is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this ____3rd____ day of March, 2017.

FRANK MONTALVO
**UNITED STATES DISTRICT JUDGE**